## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Clara Jane Schwartz

Case No. (Criminal) 14578

BY JUDGE THOMAS D. HORNE

July 1, 2002

The Court has previously taken under advisement the request for a bill of particulars with respect to the charge of conspiracy. It is the contention of the defendant that she is entitled to a further particularization of the person or persons generally identified in Count II of the indictment by the use of the phrase "et al.". In addition, she seeks to have the Commonwealth particularize the date of the agreement and the place where the agreement was formed.

Both the Commonwealth and the defendant recognize the office of a proper bill of particulars, not as a discovery device, but as a means by which the defendant may be informed of the nature of the accusation and as a protection against vexatious prosecutions. R. J. Bacigal, *Virginia Criminal Procedure*, § 13-8 (4th ed.). The Court finds that the date and place of the conspiracy have been alleged with sufficient particularity to not require elaboration. However, the Commonwealth will be required to file a bill of particulars with respect to the identification of the other parties to the agreement. Where the names of such parties are not known to the Commonwealth, they should be identified as "John Doe 1," "Jane Doe 1," etc. Each such person should, in addition, be identified by such descriptive information as can be obtained. Where the number of additional conspirators is not known, the Commonwealth should so state.

August 8, 2002

The Attorney for the Commonwealth has filed a motion seeking to seal a certain list that is attached to a request for a subpoena duces tecum ad testificandum directed to Ms. Dawn Virts, Information Services, Center for Innovative Technology. It is suggested that the information contained in the attachment should be sealed from public inspection. Although the attachment is part of the judicial record of these proceedings, counsel for the Commonwealth asserts that denial of public inspection does not infringe upon rights guaranteed to the public by constitutional mandate or the common law.

Materials returned in response to the subpoena, unless introduced into evidence, are not subject to public disclosure. *In re Worrell Enterprises, Inc.,* 14 Va. App. 671 (1992). Such materials remain under the protection of the Court until made a part of the record. The Defendant has a right to compulsory process in aid of her defense. Such process is elementary to the existence of a fair trial and is due to the defendant under the Constitution of the United States and the Constitution of Virginia. Incidental to obtaining this subpoena, her counsel filed the list that they deemed necessary to a full and complete return of process. When filed, the request and the attachment became part of the record of these proceedings.

The record of the proceedings in a criminal case must remain open to the public, absent a showing of an "overriding interest." *Richmond Newspapers v. Virginia,* 448 U.S. 555 (1980); *Richmond Newspapers v. Commonwealth,* 222 Va. 574 (1981). Such alleged consequences of disclosure as, "damage to professional reputation, emotional damage, or financial harm stated in the abstract," do not constitute an "overriding interest" justify the sealing of the attachment. *Shenandoah Publishing v. Fanning,* 235 Va. 253, 259 (1988). Although not absolute, the tradition of openness in criminal proceedings is one that has been recognized by the courts of ancient origin. *Id.* at 257; Va. Code Ann. § 17.1-208. Thus, the right of public access is to be presumed and:

> [m]ay be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the disclosure order was properly entered.

*Shenandoah Publishing,* 235 Va. at 257 (citation omitted).

In this case, the Commonwealth asserts that the relief sought should be obtained because, "[the subpoena] contains attachments which are

unnecessarily injurious to the reputation of the decedent Robert Schwartz and no purpose is served by allowing public access to these attachments [and] . . . the images on the computer that have been requested have been erased and the computer has been issued to another employee."

First, the Commonwealth makes an abstract assertion as one reason underlying the motion to seal the record. As previously noted, such a generalized claim fails to support a finding of an "overriding interest." Second, the Commonwealth contends that, like Sisyphus, the defendants are pursuing an avenue of inquiry that will, in the end, prove futile. Management of the defendant's case is within the hands of her lawyers. It is not for this Court or the Commonwealth to divine why or how her defense should proceed. Moreover, there is nothing in the record to suggest that the filing has been in bad faith or without foundation.

Consistent with the public's right to be heard upon the motion, the Court has given notice of these proceedings. The Washington Post Company has responded and sought to intervene in these proceedings for the limited purpose of arguing the motion. Pursuant to their request, the Court has granted leave to the Washington Post Company to intervene for such limited purpose.

Based upon the evidence and arguments of counsel, the Court finds that the Commonwealth has failed to demonstrate a "compelling need" to seal the attachment. Accordingly the "Motion to Seal" is denied.